RALPH B. SLIPPY ENGINEERING CORPORATION, Appellant, v. CITY OF GRINNELL, Appellee.

No. 44062.

NOVEMBER 23, 1937.

REHEARING DENIED MARCH 12, 1938.

Kildee & Kildee and Pike, Sias, Zimmerman & Butler, for appellant.

Thomas J. Bray and J. G. Shifflett, for appellee.

SAGER, J.—For reasons which will presently appear we set out at considerable length the claim of plaintiff as stated in its original notice served on November 10, 1933. It is based on a claim for "work, labor and services performed in the drawing of plans and specifications for the building of a municipal sewage disposal plant" and for "work, labor and services performed by this plaintiff for the defendant * * * in the matter of supervising, engineering counsel and inspection, * * * ex-

penses incident thereto'' in the construction of a sewage disposal plant, and for ''work, labor and services performed'' incident to a certain lawsuit pending between one Emmert and the defendant city.

Pursuant to this notice, on November 13, 1933, plaintiff filed its petition in three counts, which may be summarized as follows:

Count 1, after alleging the corporate capacity of the parties, stated that between certain dates the plaintiff performed services under contract, part payment upon which left due $100, the amount prayed for in that count. Count 2 alleged that between December 2, 1927, and December 18, 1928, the plaintiff performed extraordinary services in the matter of engineering work and supervision in the construction of a sewage disposal plant, and asked to recover the value of such services and expenses incurred in the amount of $3,194.50. In count 3 plaintiff sought to recover for expert services rendered to the defendant in connection with a lawsuit brought by a contractor, Emmert, who undertook to build the sewage disposal plant. This count is not challenged and will have no further notice in this opinion. As an exhibit is attached an itemized statement of labor and expense incurred in connection with the reference in count 2.

In response to a ruling of the trial court, the plaintiff, on April 4, 1934, amended count 1 by setting up what it contended made up the contract, to wit, a proposal to do the work as appears in Exhibit A, and a resolution of the city counsel accepting it on May 25, 1926. In response to the same ruling, count 2 was amended by stating that the contract there alleged was oral and the work was performed and expense incurred with the knowledge of the defendant and was accepted by it, and that the defendant was estopped thereby from denying liability. There is some confusion in the references to the various exhibits, and we refer to them as they seem to have been, without using the designations given to them by the parties. Count 2 is further amended by alleging that the itemized statement attached to the petition covered services rendered in connection with the construction of the sewage disposal plant proposed to be erected by the defendant. This count is further amended at this point by changes in the statement of labor and expense, which need not now be considered, and by striking out the allegation that the services were of an ''extraordinary'' character.

On September 10, 1934, plaintiff filed a second amendment which consisted of adding to count 1 a resolution of the city council accepting plaintiff's offer "to reconstruct the sewage disposal plant according to its proposal" as pleaded in the original petition. Count 2 was amended by striking out the amendment to count 2 heretofore set out, and inserting in lieu thereof "at the end of the first paragraph" (whatever that may be) in substance that the labor and services claimed for under this count were under written contract, being the one set out in count 1 of the original petition, which work was done at the defendant's request and with its knowledge and was accepted by it, and, as a consequence, defendant is estopped from denying liability. Plaintiff again, by reference, makes the itemized statement a part of this count.

On December 7, 1934, plaintiff filed an amendment to the second amended petition, by striking out all of count 2 and substituting the allegation that, prior to December 1, 1925, the plaintiff made a proposal (the one already referred to) for making plans for and giving engineering supervision of the reconstruction and repair of a disposal plant, which proposal was accepted by the defendant. This count is amplified by reference to further services claimed to have been rendered to the city, the acceptance thereof, and the preparation by plaintiff of revised plans and specifications. It sets up much other matter with reference to construction and supervision, and the inefficient work of the contractor, which need not be now stated.

On October 17, 1935, the plaintiff filed its amended and substituted petition, the purport of which is not entirely clear, but which, as we read it, sets up substantially the same allegations, or at least makes the same claim as was sought to be asserted in the earlier pleadings.

On December 6, 1935, the plaintiff still not being satisfied with its attempts to state its cause, filed another amendment, to which no further reference need be made.

Before this last amendment was made the defendant had filed a substituted answer and counterclaim. Its contents do not appear in the record because of the substituted pleadings of plaintiff, and on November 10, 1936, the defendant filed another substituted counterclaim. On January 25, 1937, plaintiff filed an amendment to amended and substituted petition, which strikes therefrom all of counts 1 and 2 except the formal allega-

tions of corporate capacity and the allegations with reference to the proposal by plaintiff to do the engineering work, and its acceptance by the city council. This last substitution alleged the preparation of plans at an agreed price for such plans of $1,300, which was paid.

For a period, it says, defendant permitted the matter to lie dormant, but between April 28, 1927, and November 30, 1927; plaintiff performed the work and labor under the contract which has heretofore been referred to, being its accepted proposal that it do the work. Thereupon plaintiff prepared plans which were accepted by the council of the defendant city on July 5, 1927; and plaintiff alleges the claimed value of the work of preparing such plans. This amendment further refers to the itemized statement of labor and services heretofore referred to, which is again made a part of this pleading. The amendment charges that for such services there is a balance due of $1,747.55, for which amount it now makes claim. Count 2 alleges that from December, 1927, to the 18th day of December, 1928, plaintiff performed services in the way of supervision and inspection of the sewage disposal plant under construction, and that the reasonable value thereof was in the sum of $3,453.20, as itemized in the exhibit to which reference has so frequently been made.

To counts 1 and 2 of the last substituted petition of plaintiff, defendant filed a demurrer which in substance alleged that the proceedings which plaintiff claims resulted in a written contract did not in fact do so; and that the last amended and substituted petition constituted an entirely new cause of action which was barred by the statute of limitations; and that this new cause did not come within the protection of the rule that the commencement of an action tolls the statute.

The first proposition is based on the idea that the written proposal of the plaintiff and its acceptance by a resolution of the city council did not make the contract a written one. For the reasons which will appear from what follows, we find it unnecessary to pass on this question. While the question is not free from doubt, we think the court was in error in holding that the last amendment presented an entirely new and different cause than plaintiff attempted to set forth in the various pleadings filed by it.

Running through the pleadings of the plaintiff, as we read them, there is a thread, or line of thought, which identifies them

with the claim originally proposed by plaintiff in its original notice and the different ways in which are stated the allegations of counts 1 and 2. If we have misapprehended the nature of the dispute between these parties, we may well find an excuse in the tortuous course of the pleadings, and justification perhaps in the thought that by sending the case back the controversy will be decided on its merits under appropriate instructions. This is a result to be attained whenever possible. We should add that we have not overlooked the authorities cited by the parties. There seems to be not much, if any, difference between the contending parties as to the rules; the difficulty being their proper application. We might further add that a casual reading of the synopsis of the pleadings appearing herein makes it unnecessary to say to the profession that it is not proposed as a model of pleading, but to give an idea of the difficulties which confronted the trial court and now confront us in determining what the real contention of the plaintiff has been.

It follows that we think the case should be, and it is,— Reversed.

DONEGAN, ANDERSON, PARSONS, RICHARDS, STIGER, and KINTZINGER, JJ., concur.

HAMILTON, C. J., dissents.